IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BAKARI S. HARPER, Inmate #323212, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 05-485-WDS |
| ) | |
| ST. CLAIR COUNTY, ILLINOIS, ) | |
| KENNETH HALL REGIONAL ) | |
| HOSPITAL and WEXFORD HEALTH ) | |
| SERVICES, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Plaintiff, an inmate in the St. Clair County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

Plaintiff claims that while in the St. Clair County Jail, he suffered from boils, bruises and pus bumps. He was placed on a series of five different medications over a seven-week period; he was eventually diagnosed with a staph infection. He complains that he was not placed in quarantine until after he was taken off his medications, and he believes that he became temporarily immune to antibiotics due to the other medications he was given. He also claims that a dead bug was removed from his armpit, which he blames on the unsterile environment of the jail.

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

> A state official violates the due process rights of a pretrial detainee when she acts with deliberate indifference toward the detainee's serious medical needs. *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir.1995); *Brownell v. Figel*, 950 F.2d 1285, 1289 (7th Cir.1991); *Salazar v. City of Chicago*, 940 F.2d 233, 239 (7th Cir.1991). The Seventh Circuit has observed that "deliberate indifference" is simply a synonym for intentional or reckless conduct, and that "reckless" describes conduct so dangerous that the deliberate nature of the defendant's actions can be inferred. *Brownell*, 950 F.2d at 1290. In this sense, the due process standard is analogous to that utilized in the Eighth Amendment context, where prison officials may be found liable for disregarding a substantial risk to an inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). In both cases, the relevant inquiry is whether the official actually knew about the plaintiff's condition, not whether a reasonable official should have known. Compare *Brownell*, 950 F.2d at 1291 (applying a subjective standard in the Fourteenth Amendment context) with *Farmer*, 511 U.S. at 837, 114 S.Ct. 1970 (applying a subjective standard in the Eighth Amendment context).

*Qian v. Kautz*, 168 F.3d 949, 955-56 (7th Cir. 1999).

In this case, it is clear from the complaint that Defendants were not deliberately indifferent to Plaintiff's medical needs. Quite the contrary – he was seen by doctors and nurses on a regular basis, and his progress on medication was monitored, evaluated and adjusted. Although Defendants may not have arrived at the proper diagnosis and treatment as quickly as Plaintiff would have liked, the Court cannot find that Plaintiff was subjected to any constitutional violations in the treatment of this medical condition.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED: March 29, 2006.**

                                **s/ WILLIAM D. STIEHL**
                                      **DISTRICT JUDGE**